# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 12-0234 LJO |
| Plaintiff, | **SUPPLEMENTAL ORDER ON DEFENDANT'S MOTION TO SUPPRESS AND ORDER TO SET EVIDENTIARY HEARING** |
| vs. | |
| ANTONIO BECERRA-SANCHEZ, | (Docs. 78, 90.) |
| Defendant. | |

This Court has reviewed the Government's Supplemental Authorities In Support of Opposition To Defendant Becerra-Sanchez's Suppression Motion, and herein provides additional information to its Order as a result of the supplemental authorities.

*Alexander v. United States*, 761 F.2d 1294, 1300 (9th Cir. 1985) makes clear that the "central question" is whether the affidavit established probable cause "independently."  In *Alexander*, the affidavit was replete with facts that provided probable cause (i.e. observations by the police of the transportation onto the ranch of chemicals used in the manufacturing of cocaine; the delivery of processing equipment onto the ranch; known drug dealer affiliations having been observed; information about drug dealing on the ranch having been gathered by three informants, with two out of three being reliable, tested informants).

In the instant case, the affidavit is rich in the need to go onto the land due to the overflight observation of the marijuana grow, but is devoid of any other facts. As the *Alexander* court held, "we

must determine whether the magistrate had a substantial basis for concluding that probable cause existed to search all of the buildings on the ranch.  We must uphold the warrant on this basis if probable cause existed to search each building, or if all the buildings on the ranch were under common control." *Alexander*, 761 F.2d at 1301).  In addition, *United States v. Gilman*, 684 F.2d 616, 618 (9th Cir. 1982) holds that the general rule that a warrant is void for an undisclosed multi-unit structure does not have application if the defendant was in control of the whole premises or they were occupied in common, if the entire premises were suspect, or if the multi-unit character of the premises was not known to the officers.  In the instant case, no such information is present.

The affidavit in this case is short, both on facts and in duration.  The affidavit describes structures as:

1. ". . . observed an approx. 20 acre parcel of land to hold over fourteen separately fenced structures all of which contained marijuana plants.  The structures are fenced with a combination of plywood and tin metal fencing"; and

2. "I believe additional evidence of this to be found in the residence at this location as well as in a makeshift guard shack/travel trailer which also sits on the property."  (Attachment to the Declaration of Counsel Quinlan in support of the Motion to Suppress).

Based on the limited information provided in the affidavit, the search warrant that was issued specifically, as it is limited to a search pursuant to the search warrant of the travel trailer, is overly broad.

This does NOT, however, address the protective sweep issues, that is, whether there actually was a protective sweep of the travel trailer in question (vs. a search pursuant to the warrant) that allowed the visual observation of the rifle in plain sight, as alleged.  IF there was a protective sweep, and during that sweep the rifle was seen in plain view, then a search warrant was not needed, and the collection of the rifle from the trailer MAY have been appropriate, reasonable and legal.  This Court uses the term "may have" because presently the Court has only a photo of the travel trailer, but cannot make factual determinations about its mobility potential (including location, whether it is readily mobile, licensed, connected to utilities, has convenient access to a public road, etc).  Only after that determination is made can the Court make a decision as to whether the vehicle exception applies.

The facts and holding in *United States v. Henson*, 123 F.3d 1226 (9th Cir. 1995) provide that a

2

1  magistrate may draw reasonable inferences about what locations evidence is likely to be kept and found
2  under the circumstances of the case, and "in the case of drug dealers, evidence is likely to be found
3  where the dealers live." *Henson*, 123 F.3d at 1239.  A closer reading of *Henson*, however, shows that
4  the *Henson* court's statement was based on the specifically disclosed facts in the affidavit (police
5  observations of the drug sale, location in close proximity of the residence, knowledge of where the
6  defendant drug dealer lived).  Again, in the instant case, there are no such specific facts in the affidavit
7  upon which to rely.

8  This is precisely the reason an evidentiary hearing is needed and is set for Monday, February 4,
9  2013 at 10:15 a.m.   Witnesses are to be present and ready to be called to the stand at that time.

10  IT IS SO ORDERED.

11  **Dated:    December 20, 2012**                    /s/ Lawrence J. O'Neill
                                                      UNITED STATES DISTRICT JUDGE